**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Marie Clark, | No. CV-19-08128-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's "Motion to Strike Defendant's 'Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)'" (Doc. 26), which "requests that this Court strike the Commissioner's present motion, and either order that the Commissioner file a proper response brief according to this Court's rule or order that the Commissioner's motion be deemed the Commissioner's responding brief, and allow Clark to file a reply brief within 15 days of this Court's order, at which time this matter will be submitted for this Court's decision." (Doc. 26 at 4.) For the following reasons, Plaintiff's motion will be granted.

On May 1, 2019, Plaintiff filed the complaint. (Doc. 1.) It alleges that "[t]he ALJ committed materially harmful errors in the decision to deny benefits, adopted as the Commissioner's final decision," including but not limited to (1) "rejecting Clark's symptom testimony in the absence of specific, clear, and convincing reasons," (2) "rejecting assessments from Clark's treating physician, Maame A. Dankwah-Quansah, M.D., in the absence of specific and legitimate reasons, supported by substantial evidence

in the record," (3) "according 'substantial weight' to the opinions of a one-time agency examiner, Luke Rond, D.O., Medico Physician Services, and unnamed physicians who reviewed available records when the initial and reconsideration denials were issued, without recognizing legal standards that afford primacy to treating physician medical opinion evidence," and (4) "failing to consider Clark's record as a whole, *e.g.*, [failing] to even mention [] assessment from Clark's treating pain management specialist, Mary Janikowski, D.O." (*Id.* at 3-5.)

That same day, the Court issued a Social Security Scheduling Order, which ordered the parties to "fully comply with LRCiv 16.1 in its entirety" and to "strictly comply" with certain requirements—namely that Plaintiff must file an opening brief within 60 days after the answer is filed, that the Commissioner must file an answering brief within 30 days after service of Plaintiff's opening brief, and that Plaintiff may file a reply brief within 15 days after service of the Commissioner's answering brief. (Doc. 6 at 1-2.) The order specified, in bold font, that the Commissioner's answering brief must "**respond specifically to each issue raised by Plaintiff**." (*Id.* at 2.) The order also included a warning: "[I]f either party fails to timely file a brief in full compliance with this Order, the Court may strike the non-complying brief, dismiss the case, or remand to the agency, as appropriate." (*Id.* at 3.)

On July 12, 2019, the Commissioner filed an answer. (Doc. 10.) The Commissioner admitted that the agency issued a final decision regarding Plaintiff's application for benefits, that Plaintiff exhausted the mandatory administrative remedies, and that Plaintiff timely brought this action. (*Id.* at 1-2.) Otherwise, the Commissioner denied all factual allegations in the complaint. (*Id.* at 2.)

On October 25, 2019, Plaintiff filed her opening brief.[1] (Doc. 22.) It advanced three arguments, covering the four issues raised in her complaint (combining two of those issues into one argument):

> 1. The vocational expert testified that limitations assessed by the treating neurologist, Dr. Dankwah-Quansah, would make it impossible to perform any sustained work: The ALJ committed materially harmful error by

---

[1] Plaintiff's opening brief was timely filed after Plaintiff requested and the Court granted two motions to extend the deadline. (Docs. 12, 13, 14, 15.)

rejecting Dr. Dankwah-Quansah's assessment, instead assigning "substantial weight" to the opinion of a one-time state agency examiner, Luke Rond, D.O., Medico Physician Services, whose evaluation failed standards for consultative examinations, and to opinions of unnamed state agency physicians who neither examined Clark nor reviewed a complete record. (Doc. 22 at 14)

2. Limitations congruent with Clark's symptom testimony would preclude the ability to perform competitive work: The ALJ committed materially harmful error by rejecting Clark's symptom testimony in the absence of specific, clear, and convincing reasons supported by substantial evidence in this record as a whole. (Doc. 22 at 22-23.)

3. The vocational expert testified that limitations assessed by the treating pain management specialist, Dr. Janikowski, would make it impossible to perform any sustained work: The ALJ committed materially harmful error by ignoring, and thereby rejecting, Dr. Janikowski's assessment. (Doc. 22 at 27.)

Plaintiff also argued in her brief that the Court should apply the "credit-as-true" rule, which would result in remand of Plaintiff's case for payment of benefits rather than for further proceedings: "Limitations congruent with assessments from Clark's treating physicians, and Clark's reported symptoms, are inconsistent with the ability to perform any sustained work. That evidence, when credited, should be the basis for this Court's consideration of exercise of its discretion to remand Clark's case without rehearing. 42 U.S.C. § 405(g)." (Doc. 22 at 28.)

On November 25, 2019, the Commissioner filed a "Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)." (Doc. 23.) The Commissioner stated that "[a]fter reviewing Plaintiff's opening brief and the certified administrative record, the Commissioner notified Plaintiff's counsel that the agency would agree to voluntarily remand the instant case for further administrative proceedings," but "although the parties engaged in settlement discussions," ultimately the parties did not reach an agreement. (*Id.* at 3.) The Commissioner conceded that "the ALJ erred by not evaluating medical opinion evidence from Mary Janikowski, D.O., who was one of Plaintiff's treatment providers." (*Id.*) Notably, the Commissioner did not address Plaintiff's contention that "[t]he ALJ committed materially harmful error by rejecting Dr. Dankwah-Quansah's assessment, instead assigning 'substantial weight' to the opinion of a one-time state agency examiner,

1  Luke Rond, D.O., Medico Physician Services, whose evaluation failed standards for

2  consultative examinations, and to opinions of unnamed state agency physicians who

3  neither examined Clark nor reviewed a complete record." (Doc. 22 at 14.) To the contrary,

4  the Commissioner uncritically adopted and relied on the opinions of Dr. Rond and another

5  state agency reviewing physician, essentially repeating the complained-of error without

6  contesting it. (*See* Doc. 23 at 7.) The Commissioner cited some of Dr. Dankwah-

7  Quansah's medical records in advancing the argument that Plaintiff had demonstrated some

8  "evidence of improvement" (*id.* at 12-13) but did not address Plaintiff's nine-page

9  argument concerning why the ALJ's rejection of Dr. Dankwah-Quansah's opinions was

10  erroneous.

11  On December 18, 2019, Plaintiff filed a "Motion to Strike Defendant's 'Motion for

12  Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).'" (Doc. 26.) Plaintiff argues

13  that the Commissioner's "new tactic" of filing motions to remand in lieu of answering

14  briefs "goes a pleading too far," in that it circumvents the local rules providing that the

15  Commissioner must file an answering brief "and unfairly attempts to provide the

16  Commissioner with an extra opportunity to argue the agency's case" by purporting to invite

17  a response to the "motion," with an added chance for the Commissioner to file a "reply" in

18  support of its "motion." (*Id.* at 3.)

19  The Court agrees with Plaintiff that this approach violates LRCiv 16.1(a).

20  Moreover, it violates the Court's scheduling order. (Doc. 6 at 1-2.) Indeed, in another

21  Social Security case in which the Commissioner is the Defendant, the Court recently issued

22  an order addressing this approach:

23  Defendant filed a "motion for remand," in which Defendant states: "Because
   [Defendant] agrees this case should be remanded, the only issue remaining
24  is the remedy, thus necessitating filing of this Motion for Remand in lieu of
   an Answering Brief." (Doc. 20 at 2.) Defendant cites no authority for the
25  proposition that when only the issue of remedy is contested, the proper course
   of action is to file a motion in lieu of an answering brief.
26
27  LRCiv 16.1 requires the parties to observe a specified briefing procedure,
   rather than filing dispositive motions. That procedure includes the filing of
   an opening brief, an answering brief, and a reply brief. The rule states that
28  "Defendant must file an answering brief" and does not provide an exception
   for the circumstance in which Defendant contests only the remedy.

Moreover, the Court can perceive no reason to deviate from the briefing schedule provided by LRCiv 16.1.

*Rangel v. Commissioner of Social Security Administration*, No. CV-19-00875-PHX-DWL, Doc. 21 (December 12, 2019). The Court construed the "motion to remand" in that case as the Commissioner's answering brief and ordered the Clerk of Court to adjust the docket accordingly. *Id.*

And in fact, in this case, on or around December 12, 2019, the Court recognized that the Commissioner had filed a motion to remand instead of an answering brief and thus asked the docketing clerk to simply amend the docket to reflect that the document filed at Doc. 23 is a "response brief" rather than a pending motion, which the Clerk did.

The Court will maintain that approach. Plaintiff's pending motion requests that the Court either strike the "motion" at Doc. 23 or construe it as the Commissioner's answering brief. The Court will take the latter approach, and therefore Plaintiff's motion (Doc. 26) is granted.

Plaintiff further requests that she be allowed to file a merits-based reply brief within 15 days of the issuance of this order. (Doc. 26 at 4.) That request will also be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Strike Defendant's 'Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g)'" (Doc. 26) is granted. The Commissioner's "motion" (Doc. 23) is construed as the answering brief and Plaintiff shall have 15 days from the date of issuance of this order to file a reply brief.

Dated this 30th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge