**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Megan Marie Clark, | No. CV-19-08128-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is an unusual Social Security appeal. Because the disputed issues are legal (and procedural) rather than factual in nature, it is unnecessary to summarize the background details in extensive detail. For the reasons that follow, the Court will reverse and remand for an award of benefits.

## BACKGROUND

Plaintiff Megan Clark, a high school graduate with more than four years of college education, started working in the healthcare field in January 2008, ultimately rising to the position of licensed nurse. (R. at 280-82.) In July 2014, Clark underwent a "suboccipital craniectomy . . . for Chiari decompression" after experiencing headaches, balance problems, and neck pain. (R. 639)[1] In March 2015, after these symptoms failed to subside, Clark stopped working. (R. 281.) Clark subsequently had two more surgeries. The first,

---

[1] "A suboccipital craniectomy is the surgical removal of a portion of the skull below the occipital lobe of the brain." *Wilkinson v. Comm'r of Social Sec.*, 2008 WL 344529, *4 n.4 (M.D. Fla. 2008).

in May 2015, was on her spine (R. 642-43) and the second, in July 2015, was a "[r]eexploration of prior suboccipital craniectomy" (R. 795-98). Clark then returned to work in June 2016. (R. 18.)

Clark now seeks Social Security disability benefits for the "closed" 15-month period between March 2015 and June 2016 during which she wasn't working full-time. During the ALJ proceeding, Clark presented opinion evidence from two of her treating physicians in support of this claim. The first, Dr. Mary Janikowski, opined that, during the period in question, Clark suffered "[c]onstantly" from pain and other symptoms that were "severe enough to interfere with attention and concentration needed to perform even simple work tasks." (R. 1076.) The second, Dr. Maame Dankwah-Quansah, opined that, during the period in question, Clark would be off-task more than 30% of the time due to her physical and mental limitations. (R. 1479.) Finally, Clark testified during the hearing that she had stopped working in March 2015 due to "weakness, vertigo . . . migraines, vomiting, loss of balance, slurred speech, [and] tons of pain" (R. 39); that her migraines remained "miserable" and she would "throw up daily" after the first craniectomy (R. 44-45); that she first began "noticing an appreciable change in [her] head and neck pain" in February 2016, following her second craniectomy (R. 47); and that she resumed working on a part-time basis at that point, even though she was "[n]ot totally improved, but certainly better." (R. 52-53.)

The ALJ rejected Clark's disability claim despite this evidence. (R. at 15-24.) Notably, the ALJ didn't acknowledge Dr. Janikowski's opinion, much less explain why it was being rejected. As for Dr. Dankwah-Quansah's opinion, the ALJ assigned it "little weight" and identified several different reasons for this assessment. (R. at 21-22.) The ALJ instead chose to assign "substantial weight" to the opinion of a consultative examiner. (R. 21.) Finally, as for Clark's symptom testimony, the ALJ concluded it was "not fully supported" by "the medical evidence of record." (R. 20.)

…

…

**DISCUSSION**

Clark's opening brief (Doc. 22) raises four arguments. First, Clark argues, in extensive detail, why the ALJ's rejection of Dr. Dankwah-Quansah's opinion should be deemed erroneous (*id.* at 15-20) and why the ALJ's decision to credit the conflicting opinion of the consultative examiner should be deemed erroneous (*id.* at 20-22). Second, Clark argues, again in extensive detail, why the ALJ's rejection of her symptom testimony should be deemed erroneous. (*Id.* at 22-27.) Third, Clark argues that the ALJ's failure to address Dr. Janikowski's opinion was erroneous. (*Id.* at 27-28.) Fourth, Clark argues that, in light of these errors, the Court should not simply remand for further proceedings but should apply the "credit as true" rule and remand for an award of benefits. (*Id.* at 28-29.)

Following receipt of Clark's opening brief, the Commissioner did not file an answering brief, as required by this Court's local rules and the scheduling order in this case.[2] Instead, the Commissioner filed a document entitled "Defendant's Motion To Remand Pursuant To Sentence Four of 42 U.S.C. § 405(g); Memorandum In Support of Defendant's Motion For Remand." (Doc. 23.) In this document, the Commissioner "concedes that the ALJ erred by not evaluating medical opinion evidence from [Dr.] Janikowski" and further concedes that the ALJ's decision cannot stand in light of this error. (*Id.* at 3.) The Commissioner does not, however, respond in any detail to Clark's arguments concerning the ALJ's alleged other errors (*i.e.,* the alleged errors in rejecting Dr. Dankwah-Quansah's opinion, in rejecting her symptom testimony, and in accepting the consultative examiner's opinion). Instead, after noting that, "[a]s a matter of record, the Commissioner disagrees with the credit-as-true rule" (*id.* at 4), the Commissioner proceeds to identify various reasons why, in general, a remand for further administrative proceedings is the correct remedy when there is conflicting evidence in the record.

The Commissioner's litigation strategy in this matter is unfortunate. Clark spent

---

[2] After Clark objected (Doc. 26), the Court issued an order agreeing with Clark that the Commissioner's "approach violates LRCiv 16.1(a) . . . [and] the Court's scheduling order." (Doc. 27 at 4.) Rather than strike the Commissioner's filing, the Court construed it as an answering brief and afford Clark an opportunity to file a reply. (*Id.* at 5.)

significant time and resources drafting an opening brief that, in her view, establishes not only that the ALJ committed multiple errors but that the only appropriate remedy for those errors is a remand for an award of benefits. The Commissioner, in contrast, has not even attempted to explain why all of Clark's assignments of error are misplaced.

Given this backdrop, a remand for an award of benefits is the only appropriate outcome. Clark has raised significant challenges to the rejection of Dr. Dankwah-Quansah's opinion, the rejection of her testimony, and the acceptance of the consultative examiner's opinion, and the Commissioner has forfeited any ability to defend the ALJ's determinations on those issues by failing to address them. *Cf. Cincinnati Ins. Co. v. Eastern Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) ("Cincinnati's argument . . . is not frivolous or nondispositive, and from Integrity's failure to mention it we infer that Integrity acquiesces . . . in Cincinnati's interpretation . . . . That acquiescence operates as a waiver . . . ."); *Trejo v. Mukasey*, 2009 WL 10707323, *5 (D. Ariz. 2009) ("Plaintiff's failure to address the argument indicates her acquiescence to the claims' dismissal.") (citing Ariz. LRCiv 7.2). Thus, although it is true that "[o]nly in rare circumstances . . . should the court remand for an award of benefits" in a Social Security case, *Sharp v. Comm'r of SSA*, 2019 WL 1359127, *1 (D. Ariz. 2019), this is one of those rare cases. The Commissioner essentially concedes that the ALJ erred by rejecting the opinions of both of Clark's treating physicians (whose opinions, if accepted, would establish disability), that the ALJ also erred by rejecting Clark's symptom testimony (which, if accepted, would establish disability), and that the ALJ also erred by accepting the opinion of the consultative examiner (which provided the foundation for the ALJ's non-disability determination). As a result, there is little else to develop on remand. Nor does the Court have "serious doubt" about whether Clark was disabled during the 15-month period in question. *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) ("[C]ourts [must] remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.").

**IT IS THEREFORE ORDERED** reversing the March 14, 2018 decision of the Administrative Law Judge (R. at 12-33), as upheld by the Appeals Council (R. at 1-6).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for an award of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 5th day of August, 2020.

Dominic W. Lanza
United States District Judge